```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Raymond Flores, | ) C/A No. 8:10-1291-HMH-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Lexington County, "living person in charge," and Lexington County Food Service Providers, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a local detention center inmate.[1] Plaintiff alleges that he was served spoiled food at the Lexington County Detention Center and that he became ill with food poisoning in early April 2010. Plaintiff complains that he was made physically ill and that his symptoms continue. He seeks compensatory damages and injunctive relief. The only Defendants named in the Complaint are "Lexington County, living person in charge" and Lexington County Food Service Providers."

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v.*

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

*Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Initially, in order to state a claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several

---

[2] Plaintiff's Complaint is properly before this Court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law.  *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions.  *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991).

Neither Lexington County, living person in charge, nor Lexington County Food Service Providers is a proper defendant in this case and, therefore, the Complaint is subject to summary dismissal insofar as it seeks recovery from these Defendants.  Without the provision of an actual name for "living person in charge," the use of this phrase does nothing to properly name a "person" as a defendant.  Instead, it is more akin to the use of the general, collective term of "staff" that has been held inadequate to name a proper § 1983 defendant.  The same is true of "food service providers" and, accordingly, it, too, is not an appropriate name for a "person."

Further, insofar as Plaintiff's Complaint could be liberally construed to allege that Lexington County is liable for Plaintiff's alleged unconstitutional treatment in the Lexington

County Detention Center, the Complaint also fails to state a claim for which this Court can provide relief and is subject to summary dismissal. A county or municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a county or municipality cannot be held liable under 42 U.S.C. § 1983 on a *respondeat superior* theory. This means that a county or municipality may not be sued under § 1983 for an injury inflicted solely by its employees or agents, such as those employed at the detention center in charge of food service. Instead, it is only when execution of a county's or municipality's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the local government, as an entity, is responsible under 42 U.S.C. § 1983. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978). Plaintiff's Complaint allegations do not claim, and are insufficient to be liberally construed as claiming, that Lexington County, as a matter of policy or custom, caused the alleged constitutional violation of his rights as a detainee or prisoner in its detention center. Nor does Plaintiff's Complaint allege that Lexington County was deliberately indifferent in failing to take action to prevent the alleged constitutional violation suffered by Plaintiff in its detention center. Consequently, Plaintiff's claims against Lexington County for the alleged violation of Plaintiff's civil rights in its detention center should be summarily dismissed for failure to state a claim upon which this Court may grant relief.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28

U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

June 15, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).